UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER ST. STEPHEN MINISTRIES,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6662** |
| **MT. HAWLEY INSURANCE COMPANY,**<br>    Defendant | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is Defendant Mt. Hawley Insurance Company's Motion to Transfer Venue (the "motion").[1] Defendant seeks to transfer this case to the United States District Court for the Southern District of New York pursuant to a forum selection clause in the insurance contract between Defendant and Plaintiff, Greater St. Stephen Ministries. For the following reasons, the motion is **GRANTED**.

### BACKGROUND

This case arises out of an insurance coverage dispute following Hurricane Ida.[2] Plaintiff owned property in Marrero, Louisiana, insured through a policy issued by Defendant.[3] The property was damaged when Hurricane Ida made landfall on August 29, 2021, and Plaintiff made a claim on the policy.[4] Defendant inspected the property and adjusted the loss, but Plaintiff alleges Defendant failed to timely settle the claims or pay the full amount due for the damage covered by the policy.[5]

Plaintiff sued Defendant in state court for breach of contract and bad faith under

---

[1] R. Doc. 12.
[2] *See generally* R. Doc. 1-2.
[3] *Id.* at p. 34.
[4] *Id.* at p. 35.
[5] *Id.* at pp. 34–37.

1

Louisiana law.[6] Defendant was served with Plaintiff's state court petition on October 6, 2023,[7] and removed to this Court on November 3, 2023.[8]

Defendant filed this motion on January 2, 2024.[9] Pursuant to the forum selection clause in the policy issued to Plaintiff, Defendant seeks a transfer of this case to S.D.N.Y., under 18 U.S.C. § 1404(a). The forum selection clause reads, in relevant part:

> Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York.[10]

On January 22, 2024, Plaintiff filed its response in opposition to the motion, arguing that Louisiana law bars the transfer.[11] Defendant replied.[12]

## **LEGAL STANDARD**

In *Atlantic Marine Cons. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, the Supreme Court held that a motion under 28 U.S.C. § 1404(a) is the appropriate mechanism to enforce a valid forum-selection clause and transfer a civil action to another federal district court "where it might have been brought" or "to any other district to which the parties have agreed by contract or stipulation."[13]

Generally, a court weighing transfer under §1404(a) considers a variety of private- and public-interest factors and gives deference to the plaintiff's choice of forum.[14] However, the decision in *Atlantic Marine* made clear that the presence of a forum selection clause alters the analysis.[15] In light of *Atlantic Marine*, a court "may consider

---

[6] *Id.*
[7] R. Doc. 1.
[8] *Id.*
[9] R. Doc. 9.
[10] R. Doc. 9-1 at p. 2 (emphasis in original).
[11] R. Doc. 10.
[12] R. Doc. 11.
[13] 571 U.S. 49, 51 (2013).
[14] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016).
[15] *Id.* (citing *Atl. Marine*, 571 U.S. 49 (2013)).

arguments about public-interest factors only."[16] A valid forum selection clause will warrant transfer or dismissal "absent unusual circumstances."[17]

As a threshold matter, courts must determine whether the forum selection clause at issue is mandatory and enforceable. "A mandatory [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."[18] A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."[19] "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[20]

"Under federal law, forum selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'"[21] This is a strong presumption that can only be overcome by a clear showing that the clause is unreasonable.[22] Unreasonableness may exist where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[23]

If a forum selection clause is found to be both mandatory and enforceable, a court may consider the public-interest factors in determining whether to enforce the clause.[24]

---

[16] *Id.* (citing Atl. Marine, 571 U.S. 49 at 64).
[17] *Barnett*, 831 F.3d at 302.
[18] *Weber v. PACT XPP Techs.*, AG, 811 F.3d 758, 768 (5th Cir. 2016).
[19] *Id.* (emphasis in original).
[20] *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).
[21] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir.1997).
[22] *Haynsworth*, 121 F.3d at 963.
[23] *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13 (1972)).
[24] Atl. Marine, 571 U.S. at 64.

The Fifth Circuit has found that these factors include:

> [A]dministrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.[25]

"These factors justify a refusal to enforce a forum-selection clause only in "truly exceptional cases."[26]

## LAW AND ANALYSIS

Defendant argues the forum selection clause in the Policy is mandatory and enforceable.[27] Defendant asks this Court to enforce the clause and transfer Plaintiff's claims to the S.D.N.Y.[28] Plaintiff argues enforcement of the forum selection clause is barred by Louisiana Revised Statutes 22:442(A), which Plaintiff argues requires surplus line insurers, like Defendant, be sued in state court in the parish in which the cause of action arose, barring transfer to another venue.[29] In reply, Defendant characterizes Plaintiff's position as one that has been routinely rejected federal Courts in Louisiana.[30] Because the forum selection clause is mandatory and enforceable, and because Plaintiff's argument concerning La. R.S. 22:442(a) is wrong, the motion to transfer will be granted.

### I.   The forum selection clause is mandatory and enforceable.

Defendant asserts that the forum selection clause is mandatory and enforceable, and Plaintiff does not contest this characterization. A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."[31] In

---

[25] *Barnett*, 831 F.3d at 302 (quoting *Weber*, 811 F.3d at 776).
[26] *Id.* (quoting *Weber*, 811 F.3d at 776).
[27] *See generally* R. Doc. 9-1.
[28] *Id.* at 17.
[29] *See generally* R. Doc. 10.
[30] *See generally* R. Doc. 11.
[31] *Weber*, 811 F.3d at 768.

4

this case, the forum selection clause states "[a]ny litigation commenced by any Named Insured . . . against the Company *shall* be initiated in New York."[32] Because the clause contains the word "shall," the Court finds the forum selection clause is mandatory.[33]

As discussed above, to overcome the strong presumption of enforceability, a Plaintiff must show the forum selection clause is unreasonable because:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[34]

Plaintiff advances no arguments for unreasonableness.[35] Accordingly, the Court finds the presumption in favor of enforceability applies to the forum selection clause in this case.

## II. The public interest factors do not defeat enforcement of the forum selection clause.

Since the forum selection clause is both mandatory and enforceable, the Court should consider the public-interest factors in determining whether to transfer.[36] The Fifth Circuit has found that these factors include:

> [1] [A]dministrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.[37]

---

[32] R. Doc. 9-1 at 2 (emphasis added).
[33] *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020) ("Under Louisiana law, the word "shall" is routinely construed as mandatory."); *see also* La. C.C. art. 5053 ("The word 'shall' is mandatory, and the word 'may' is permissive.").
[34] *Id.* (citing *Carnival Cruise Lines*, 499 U.S. at 595; *The Bremen*, 407 U.S. at 12–13).
[35] *See generally* R. Doc. 11.
[36] *Atl. Marine*, 571 U.S. at 64.
[37] *Barnett*, 831 F.3d at 302 (quoting *Weber*, 811 F.3d at 776).

5

"These factors justify a refusal to enforce a forum-selection clause only in 'truly exceptional cases.'"[38]

Plaintiff does not address any of the public interest factors identified by the Fifth Circuit. Regardless, the Court finds that with respect to the public interest factors, this matter is not a "truly exceptional case[]" where transfer according to the forum-selection clause is disfavored.

### III. La. RS. 22:442 does not operate to forbid transfer of this action according to the mandatory and enforceable forum-selection clause.

Plaintiff argues that venue transfer based on the policy's forum-selection clause is prohibited pursuant to La. R.S. 22:442(A), which reads:

> An unauthorized insurer shall be sued, upon any cause of action arising in this state under any contract issued by it as a surplus lines contract, pursuant to this Subpart, in the district court of the parish in which the cause of action arose.

Plaintiff argues that this statute invalidates out-of-state forum selection clauses in surplus lines insurance policies like the policy at issue here.[39] Effectively, Plaintiff's argument is that because the statute requires a surplus line insurer (the "unauthorized insurer") be *sued* in state court, once the action is commenced, it cannot be transferred.

Quite the opposite, "out-of-state forum selection clauses are *explicitly authorized* in surplus lines policies by" another statute, La. R.S. 22:868.[40] While subsection (A) of § 22:868 generally prohibits forum or venue selection clauses for most insurance carriers, subsection (D) contains the following explicit carve-out provision for surplus line policies such as the policy at issue here:

---

[38] *Id.* (quoting *Weber*, 811 F.3d at 776).
[39] *See* R. Doc. 10.
[40] R. Doc. 11 at p. 1.

> The provisions of Subsection A[41] of this Section shall **not** prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.[42]

Policies "not subject to approval by the Department of Insurance" include surplus line policies as the plain language of La. R.S. 22:446(A) makes clear:

> The commissioner shall not require surplus lines insurers to file or seek approval of their forms and rates for property and casualty insurance except as provided in R.S. 22:1456(B)(2) relative to public carrier vehicles.

In a case very similar to this one, the Fifth Circuit granted Defendant's petition for writ of mandamus and enforced this mandatory forum selection clause, summarily reversing the district court order that barred transfer.[43] The Fifth Circuit found that the district court had disregarded § 22:868(D)'s provision for surplus line policies, erroneously concluding that Louisiana public policy prohibited forum selection clauses in all insurance policies.[44] The Fifth Circuit ordered the district court to vacate that order and transfer the case to the Southern District of New York.[45]

The Fifth Circuit has also held that mandatory venue provisions in insurance policies can be enforced over venue provisions similar to the one set forth in § 22:442, which Plaintiff relies on. In a case under the Miller Act, which provided for an exclusive and mandatory venue in "any district in which the contract was to be performed and executed and not elsewhere," the Fifth Circuit held that the policy was still subject to the

---

[41] *See* La. R.S. 22:868(A) ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either: (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country. (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer).
[42] La. R.S. 2268(D) (emphasis added).
[43] *See In re Mt. Hawley Ins. Co.*, No. 22-30111, 2022 WL 5360188 (5th Cir. Apr. 28, 2022).
[44] *Ram Krishna Inc. v. Mt Hawley Ins. Co.*, No. 2:212022, 2022 WL 266713 (W.D.La. Jan. 27, 2022) (*vacated by In re Mt. Hawley*, 2022 WL 5360188).
[45] *In re Mt. Hawley*, 2022 WL 5360188.

agreement by the parties.[46] The court found that the Miller Act's "venue provision exists for the convenience of the parties" and that, accordingly, "[s]uch a provision is subject to variation by their agreements."[47] These rulings from the Fifth Circuit confirm the general principle that parties may contract around non-jurisdictional venue statutes like La. R.S. 22:442, and, moreover, the Fifth Circuit has routinely upheld forum selection clauses in surplus lines policies under §22:868.[48]

Lastly, Plaintiff argues that § 22:442(C) requires surplus lines carriers to include mandatory venue provisions.[49] The text of Subsection (C) states:

> An unauthorized insurer issuing such policy shall be deemed thereby to have authorized service of process against it in the manner and to the effect as provided in this Section. Any such policy shall contain a provision stating the substance of this Section, and designating the person to whom the secretary of state shall mail process as provided in Subsection B of this Section.[50]

Confusingly, Plaintiff argues this "service-of-process" provision somehow operates to bar transfer to another venue.[51] But the "provision" required by subsection (C) relates to service-of-process requirements for an insurer in subsection (B) and not the venue provision provided for in subsection (A), as evidenced by the final line in subsection (C).

The plain language of § 22:442, combined with judicial interpretations of mandatory venue statutes, convinces the Court that § 22:442 does not prohibit mandatory forum selection clauses in surplus lines insurance policies. In sum, the intended effect of § 22:442 is to prevent plaintiffs from bringing suit against surplus lines carriers in

---

[46] *In re Fireman's Fund Insurance Co., Inc.*, 588 F.2d 93, 94 (5th Cir. 1979).
[47] *Id.*
[48] *See Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540 (5th Cir. 2018); *see also In re Mt. Hawley Ins. Co.*, 2022 WL 5360188.
[49] R. Doc. 10 at p. 3.
[50] La. R.S. 22:422(C).
[51] R. Doc. 10 at pp. 2–3.

parishes other than the one in which the cause of action accrued. Meanwhile, La. R.S. 22:868[52] and Louisiana public policy support out-of-state forum selection clauses in surplus lines policies, like the one at issue here. Accordingly, the motion will be granted and this matter will be transferred to the Southern District of New York.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendant's Motion to Transfer is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this matter is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**New Orleans, Louisiana, this 15th day of April, 2024.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] The Supreme Court of Louisiana upheld a New York forum selection clause under the previous version of § 22:868, which prohibited policy provisions depriving Louisiana courts of "jurisdiction" but remained silent as to "venue." *Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 282 So.3d 1042, 1050 (La. 2019).